IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 2 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CONCENTRA PREFERRED SYSTEMS, INC., | ) ) Civil Action No. 04 C 5769 |
| Plaintiff, | ) ) Judge Holderman |
| v. | ) ) Magistrate Judge Denlow |
| COST MANAGEMENT TECHNOLOGY, INC. and WILLIAM J. ZAUN, | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) |

DOCKETED
OCT 0 7 2004

## NOTICE OF PRESENTMENT OF MOTION

PLEASE TAKE NOTICE that on Tuesday, October 5, 2004 at 9:00 a.m., or as soon thereafter as counsel may be heard, Defendants, Cost Management Technologies, Inc. and William J. Zaun (collectively "Defendants"), through their attorneys, will appear before the Honorable James F. Holderman in Courtroom 2141 of the United States Courthouse for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois and present DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, a copy of which is attached hereto and hereby served upon you.

Date: September 27, 2004

Respectfully submitted,

/s/ Timothy J. Vezeau
Timothy J. Vezeau
Joseph J. Jacobi
Michael A. Dorfman
Julie P. Setren
KATTEN MUCHIN ZAVIS ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Attorneys for Defendants, Cost Management
Technology, Inc. and William J. Zaun



FILED
SEP 27 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONCENTRA PREFERRED SYSTEMS, INC., ) | Civil Action No. 04 C 5769 |
| Plaintiff, ) | Judge Holderman |
| v. ) | Magistrate Judge Denlow |
| COST MANAGEMENT TECHNOLOGY, INC. and WILLIAM J. ZAUN, ) | JURY TRIAL DEMANDED DOCKETED OCT 0 7 2004 |
| Defendants. ) | |

## NOTICE OF FILING

TO: Debra R. Bernard   Jennifer A. Albert
Mayer, Brown, Rowe & Maw LLP   Hunton & Williams, L.L.P.
190 South LaSalle Street   1900 K Street, N.W.
Chicago, Illinois 60603-3441   Washington, DC 20006-1109
Telephone: (312) 701-7113   Telephone: (202) 955-1500

PLEASE TAKE NOTICE that on September 27, 2004, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached NOTICE OF PRESENTMENT OF MOTION, along with DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR MORE DEFINITE STATEMENT, and a PROPOSED ORDER ON DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, copies of which are hereby served upon you.

Date: September 27, 2004

Timothy J. Vezeau
Joseph J. Jacobi
Michael A. Dorfman
Julie P. Setren
KATTEN MUCHIN ZAVIS ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Attorneys for Defendants, Cost Management
Technology, Inc. and William J. Zaun



FILED
SEP 2 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONCENTRA PREFERRED )
SYSTEMS, INC., )
                Plaintiff, )
      v. ) Civil Action No. 04 C 5769
                 ) Hon. James F. Holderman
COST MANAGEMENT ) Magistrate Judge Morton Denlow
TECHNOLOGIES, INC., and )
WILLIAM J. ZAUN, )
                Defendants. )

## DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Defendants Cost Management Technologies, Inc. ("CMT") and William J. Zaun ("Zaun"), through their undersigned attorneys, respectfully move the Court pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for entry of an order requiring Plaintiff Concentra Preferred Systems, Inc. ("CPS") to make a more definite statement of the alleged trade secrets at issue for all of the claims for relief purportedly set forth in that Complaint.

In support of this Motion, Defendants state:

1. On or about August 11, 2004, counsel for CPS notified Defendants by letter of CPS's assertions related to its alleged trade secrets. That letter failed to specifically describe the alleged trade secrets at issue.

2. On August 19, 2004, Defendants responded to CPS's letter, rebutting each of CPS's contentions, and requesting the factual bases for the assertions set forth in CPS's letter, including a request that CPS provide specific identification of the alleged trade secrets.



3. CPS did not reply to Defendants' letter. Instead, on September 2, 2004, CPS filed its Complaint in this case. All of CPS's claims for relief set forth in that Complaint are based on asserted improper conduct by the Defendants with regard to CPS's alleged trade secrets.

4. The allegations of the Complaint purporting to identify CPS's trade secrets – presumably, paragraphs 24 through 27 – fail to identify or describe with sufficient particularity the information that CPS contends constitutes its trade secrets. Consequently, Defendants cannot reasonably be required to interpose a pleading responding to each of the claims of CPS's Complaint. CPS's failure to adequately identify the nature and type of its trade secrets deprives this Court and Defendants of notice of bases for its claims for relief.

5. Defendants have submitted an accompanying memorandum detailing the premises for its Motion.

WHEREFORE, Defendants respectfully request that this Court order CPS to make a more definite statement of the trade secrets alleged in their Complaint in this case against Defendants, and for such other relief that this Court deems just and equitable.

Respectfully submitted,

Date: September 27, 2004

_____
Timothy J. Vezeau
Joseph J. Jacobi
Michael A. Dorfman
Julie P. Setren
KATTEN MUCH ZAVIS ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

Attorneys for Defendants
William J. Zaun and
Cost Management Technology, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONCENTRA PREFERRED SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04 C 5769 |
| v. | ) ) | Hon. James F. Holderman |
| COST MANAGEMENT TECHNOLOGIES, INC., and WILLIAM J. ZAUN, | ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) | |

**PROPOSED ORDER ON DEFENDANTS'
MOTION FOR MORE DEFINITE STATEMENT**

This matter, having come before the Court on the Motion of Defendants pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for an Order requiring a more definite statement of Plaintiff's claims, and the Court being fully advise in the premises thereof and finding good cause,

IT IS HEREBY ORDERED that

Defendants' Motion for More Definite Statement is GRANTED. Plaintiff shall amend its Complaint on or before _____, 2004, to identify with specificity the alleged trade secrets at issue in each of its claims for relief. If Plaintiff fails to amend its Complaint by that date, this Court may dismiss the Complaint.

**IT IS SO ORDERED** this \_\_\_\_ day of _____, 2004.

_____
Honorable James F. Holderman
United States District Court Judge
United States District Court
Northern District of Illinois

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 2 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CONCENTRA PREFERRED SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04 C 5769 |
| COST MANAGEMENT TECHNOLOGY, INC., and WILLIAM J. ZAUN, | ) ) ) ) ) | Hon. James F. Holderman Magistrate Judge Morton Denlow |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendants Cost Management Technology, Inc. ("CMT") and William J. Zaun ("Zaun") respectfully move this Court for an order requiring Plaintiff Concentra Preferred Systems, Inc. ("CPS") to make a more definite statement of, i.e., identify, the trade secret(s) allegedly misappropriated by Defendants, as asserted in its Complaint, filed in this action on September 2, 2004, and appended to this Motion as Exhibit A. This more definite statement of the allegedly misappropriated "trade secret(s)" is required for Defendants to meaningfully answer the nebulous assertions in the Complaint. Defendants efforts to date to have CPS state the "trade secret(s)" that it believes were misappropriated have been met with silence or "stonewalling" by CPS.

On or about August 11, 2004, counsel for CPS contacted Defendants by letter, stating that CPS believed Defendants had misappropriated trade secrets related to CPS's C2C™ software application. (Exhibit B.) CPS contended that "[i]t is inconceivable that [Defendants] have not used [their] knowledge of the design, development, functionality and marketing of CPS' C2C™ application in the design, development and marketing of CMT's competing"

product. Nowhere in that letter, though, did CPS set out with any specificity the trade secrets alleged to have been used by Defendants, relying instead on merely providing general lists or categories of information.

On August 19, 2004, counsel for Defendants responded to CPS's letter, refuting point-by-point all of CPS's assertions regarding Defendants' alleged improper conduct, and inviting CPS to provide the factual bases for its assertions, including claims that CPS had any trade secrets relating to its C2C™ software application. (Exhibit C.) Defendants explained that, notwithstanding CPS's failure to identify its alleged "trade secrets," all of the information associated with CPS's application was either publicly available or owned by CPS's customers. In fact, Defendants showed that the processes and methodology of the CPS C2C™ application were described in detail in a whitepaper presumably published by CPS on the Internet at http://www.worksite.net/041404concerta.pdf. (Exhibit D.)

CPS did not respond to Defendants' August 19, 2002. It made no effort to address the deficiencies in their claims identified by Defendants, nor did it identify in any way the alleged "trade secrets" that form the basis for each and every one of their claims. Instead, on September 2, 2004, CPS filed its Complaint, asserting that Defendants had misappropriated its alleged "trade secrets." Each and every claim for relief in CPS's Complaint is founded on its allegations that it possesses trade secrets and that Defendants improperly acquired and used those secrets in competition with CPS.

Once again, though, CPS did not define or describe these "trade secrets" with any specificity sufficient to serve notice to Defendants or this Court of the bases for its claims for relief. Instead, CPS interposes a series of general allegations that: (i) "[i]information regarding the development history, design, architecture, features, functionality, implementation,

maintenance and use of the C2C™ methodology constitutes CPS's 'Confidential Information'"; (ii) knowledge of the data input into the C2C™ algorithms and information output by the application "also" constitute CPS's trade secrets; and (iii) that Defendant William Zaun had access to other "Confidential Information" including CPS's customers using the C2C application, CPS's marketing strategy, and CPS's costs of providing service and contract pricing. (Complaint, ¶¶ 24-26.) CPS goes on to state that "[t]his confidential and proprietary information," without identifying which information it refers to, is not available to anyone outside of CPS and cannot be derived through proper means. (Complaint, ¶ 27.)

It cannot be the case, though, that "[t]his confidential and proprietary information" comprises all of the broad categories of information set out in the preceding paragraphs of the Complaint. To the extent those categories can be understood, at least some of them are not known only to persons within CPS, or can be easily ascertained through proper means. For example, the data input into the C2C™ algorithms comes from CPS's customers, not from CPS. Likewise the information output by those algorithms belongs to those customers and is not information owned by or proprietary to CPS.

Similarly, information about, at least, the design, features, and functionality of the C2C™ application has been published – presumably by CPS – for anyone to see in the whitepaper described above. And information about CPS customers and contract pricing can be obtained from the customers themselves.

Consequently, it is entirely unclear and unknown what, if any, protectable trade secrets CPS alleges it owns at Paragraph 27 its Complaint. This deficiency deprives Defendants of any opportunity to understand CPS's claims, and to address the substance of CPS's allegations in a

responsive pleading, and makes it impossible for Defendants to formulate and pursue their defenses to what they believe to be baseless claims.

Rule 12(e) of the Federal Rules of Civil Procedure provides that, where, as here, a pleading is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, that party may seek relief from the Court in the form of an order requiring a more definite statement in the original pleading before interposing a responsive pleading. Fed. R. Civ. P. 12(e). In the present case, each of the claims set forth in CPS's Complaint stems from alleged conduct of the Defendants with respect to CPS's supposed "trade secrets." However, because CPS *never* identifies these "trade secrets," Defendants cannot reasonably be required to frame a responsive pleading, and thus, is entitled to a more definite statement of the alleged "trade secrets." *See AMP Inc. v. Fleischhacker*, 823 F.2d 1199, 1203 (7th Cir. 1987) (merely providing a list of general areas of information alleged to contain some unidentified trade secret is not sufficient); *Nilssen v. Motorola, Inc.*, 963 F.Supp. 664, 672 (N.D. Ill. 1997) (plaintiff "must articulate protectable trade secrets with specificity or suffer dismissal of his claim"); *Lear Siegler, Inc. v. Glass Plastics Corp.*, 1987 WL 15749, at * 2 (N.D. Ill. Aug. 12, 1987) (lack of specificity concerning information alleged to be trade secret is fatal to plaintiff's claim) *qad. Inc. v. ALN Assocs., Inc.*, 1990 WL 93362, at *3 (N.D. Ill. June 20, 1990) (criticizing plaintiff and imposing sanctions for plaintiff's "mistaken" view that it could pursue trade secret-based claims by merely "persist[ing] in the blunderbuss statement that 'Everything you got from us was a trade secret'"). *See also* 4 Roger M. Milgrim, *Milgrim on Trade Secrets* § 16.01[5][b] (Matthew Bender 2004) ("Unless the defendant is provided with clear detail of what the plaintiff claims to be its trade secret, how is it to formulate its panoply of defenses?").

Although complaints in federal court are subject to "notice pleading" rules, under which a complaint need only set out sufficient factual matter to outline the elements of the plaintiff's causes of action, bald legal conclusions and vague allegations do not meet this requirement. *See, e.g., Teradyne, Inc. v. Clear Communications Corp.*, 707 F.Supp. 353, 353 (N.D. Ill. 1989) (dismissing trade secret claims on defendants' motion for more definite statement because of defects in allegations concerning identity of trade secrets and conduct of defendants). The proper test for whether a more definite statement of the trade secrets at issue is warranted is not whether it is merely possible to answer the allegations of CPS's Complaint: "Almost any complaint can be answered. A vague and conclusory complaint may lead to a vague and conclusory answer – a frequent occurrence in federal cases." *Id.* at 354.

Rather, under the Federal Rules of Civil Procedure, the appropriate inquiry is whether the pleading in doubt is sufficiently specific to enable the Court to determine whether it is well-founded in law and fact. Allegations by CPS that it has trade secrets, without more specific description, are not adequate to satisfy even the low threshold of the notice pleading requirement, as they do not provide fair notice as to whether the claims are well-founded in fact and law, nor do they afford the Defendants with fair notice of the claims against them sufficient to permit them to frame a responsive pleading. This Court should grant Defendants' Motion and enter an order requiring that CPS amend its Complaint to make a more definite statement by identifying the alleged trade secrets at issue in each and every claim for relief.

Date: September 27, 2004

Respectfully submitted,

Timothy J. Vezeau
Joseph J. Jacobi
Michael A. Dorfman
Julie P. Setren
KATTEN MUCHIN ZAVIS ROSENMAN
525 West Monroe Street, Suite 1600
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

Attorneys for Defendants
William J. Zaun and
Cost Management Technology, Inc.

See Case File for Exhibits